UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFREY ELLIS, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO.: 2:15-CV-67-PRC |
| ) | |
| UNITED STATES STEEL ) | |
| CORPORATION, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Complaint [DE 20], filed by Plaintiff Jeffrey L. Ellis on March 8, 2016. Defendant filed a response in opposition on March 17, 2016. Plaintiff has not filed a reply, and the time to do so has passed.

On February 23, 2015, Plaintiff, pro se, filed an Employment Discrimination Complaint. For the "Basis of Claim and Jurisdiction," he placed an "x" on top of the line that references the ADA. He did not identify any other basis for his claim.

On May 22, 2015, counsel for Plaintiff entered her appearance.

On June 22, 2016, the parties filed a Report of Parties Planning Meeting, agreeing that discovery was needed on "Plaintiff's claims of violations of the [ADA] and Defendant's defenses to the claims." (Docket entry 16). The parties also agreed to a deadline of July 31, 2015, to amend pleadings and of January 29, 2016, to complete discovery. On June 25, 2015, the Court issued a scheduling order, adopting these deadlines. The Court further ordered that dispositive motions be filed by March 15, 2016, and set the matter for a jury trial beginning on September 19, 2016. On February 2, 2016, the Court extended the discovery deadline to February 18, 2016, on Plaintiff's motion to give Plaintiff sufficient time to take two depositions.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, because the time for Plaintiff to amend his pleading as a matter of course has long expired, Plaintiff seeks leave of Court. The United States Supreme Court explained the term "freely give" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Plaintiff's proposed Amended Complaint seeks to add claims for violations of the Family Medical Leave Act (FMLA), race discrimination under Title VII, and race discrimination under 42 U.S.C. § 1981. The proposed Amended Complaint also references the Age Discrimination in Employment Act and seeks to pursue new theories under the ADA not previously pled or raised. The Court finds that Plaintiff's motion is untimely. Plaintiff filed the instant motion over eight months after the deadline to file a motion to amend pleadings, over a month after the original

discovery deadline, over two weeks after the extended discovery deadline, and only eight days before the dispositive motion deadline.

Delay itself is not a sufficient grounds to deny a motion to amend. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). But it is a factor to consider, and "the longer the delay, the greater the presumption against granting leave to amend." *Id*. (citations and quotation markss omitted). "Delay must be coupled with some other reason" to deny a motion for leave to amend. *Dubicz*, 377 F.3d at 793. "Eleventh hour additions . . .[are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants." *Soltys*, 520 F.3d at 743 (citations and quotation marks omitted).

Plaintiff represents that his counsel discovered the proposed FMLA claim during the course of compiling discovery responses and investigating this case. However, Plaintiff offers no explanation for his delayed request to amend or why he did not seek to amend the complaint or seek an extension of the deadline to file motions to amend as soon as he became aware of the proposed claim. In fact, Plaintiff does not even acknowledge in the motion that the request is untimely. Nor does he offer any reason that the other proposed claims could not have been pled prior to the July 31, 2015 deadline. In this case, Defendant would be unduly prejudiced by the late amendment, potentially requiring it to conduct substantial additional discovery and to develop new legal strategies and necessitating additional time, expense, and effort. "Undue prejudice occurs when the amendment brings in entirely new and separate claims . . . . Or at least entails more than an alternative claim or a change in the allegations in the complaint and when the additional discovery is expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quoting *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)).

Notably, on March 15, 2016, the dispositive motion deadline, Defendant filed a Motion for Summary Judgment, which is currently being briefed. Thus, the addition of a new claim in this case would require the reopening of both the discovery deadline and the dispositive motion deadline.

Finally, it appears that Plaintiff is not prejudiced as to his FMLA claim because he asserts in his motion that the statute of limitations for the alleged willful violation of the FMLA does not expire until October 2016. Therefore, apparently Plaintiff can file a new action under the FMLA.

## CONCLUSION

Having considered the motion and finding that Plaintiff has failed to show good cause for the amendment, that the amendment is untimely, and that Defendant would be prejudiced by the amendment, the Court hereby **DENIES the** Motion for Leave to File Amended Complaint [DE 20].

SO ORDERED this 29th day of March, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT